■ The People of the State of New York, Respondent, v Carmen Lopez, Also Known as Frenchie Laugier, Appellant. [606 NYS2d 673] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered August 21, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing her, as a second felony offender, to 2 terms of 5 to 10 years, and 1 term of 1 year, respectively, all to run concurrently, unanimously affirmed.

Defendant's guilt was established beyond a reasonable doubt by evidence that she intentionally aided her codefendant by, at least, acting as a lookout during the sale *(People v Kaplan,* 6 NY2d 140).

Since defendant's intent to aid in the sale was at issue, evidence of an uncharged sale was admissible as to the charged sale itself as well as to the charge of possession with intent to sell *(People v Carter,* 77 NY2d 95, 107, *cert denied* 499 US 967).

Defendant was not entitled to a circumstantial evidence charge because the case did not rest entirely on circumstantial evidence *(People v Barnes,* 50 NY2d 375, 379-381). Defendant's remaining arguments are unpreserved and we decline to review them in the interest of justice. Were we to review, we would find them without merit.

Defendant's sentence, which was only slightly greater than the minimum mandated for a second felony offender, was not excessive. Concur—Carro, J. P., Ellerin, Asch and Nardelli, JJ.