■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO SEMPER, Appellant. [616 NYS2d 941] —Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered March 4, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's claim that he was deprived of a fair trial by the admission of the undercover officer's testimony concerning the role of a steerer in street level drug sales is not preserved for appellate review as a matter of law *(see, People v Garcia,* 83 NY2d 817; *People v Graves,* 202 AD2d 240), and we decline to review it in the interest of justice. In any event, if we were to review it, we would find first, that the undercover officer's testimony demonstrated sufficient experience for him to qualify as an expert on street-level drug dealing, and that his testimony on the role of a steerer was therefore properly admitted. Nor is there merit to defendant's contention that he was entitled to a circumstantial evidence charge, there being direct evidence of defendant's participation in the sale, in particular, that he was seen with the codefendant prior to the sale, approached the undercover officer and asked him what he needed, and directed the undercover officer to the codefendant when the officer asked him if he had "nickels" *(see, People v Daddona,* 81 NY2d 990, 992; *People v Lopez,* 200 AD2d 525). Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.