*291
 
 OPINION OF THE COURT
 

 Simons, J.
 

 Defendant has been convicted of criminal sale of a controlled substance and criminal possession of a controlled substance, both in the third degree. The charges arose from the sale of cocaine to an undercover police officer. Defendant maintains that the judgment must be reversed because the People failed to give notice of their intention to offer as evidence a statement he made to police when responding to an officer’s question during booking.
 

 At trial, the arresting officer testified that while completing an on-line booking arrest report, he asked defendant his name, address, Social Security number, the date and place of his birth, and whether he worked. When defendant was asked what he did for a living, the officer said, he "kind of smiled * * * and said I’m in sales.”
 

 Defense counsel moved for a mistrial, contending that defendant had not received notice of the People’s intention to use this incriminating statement at trial pursuant to CPL 710.30 (1) (a). The trial court agreed with the Assistant District Attorney that the People were not required to give defendant notice of "pedigree” information and denied defendant’s motion. Its ruling presents two questions for our consideration: whether "pedigree” information is excepted from the notice requirement of CPL 710.30 and, if so, whether the question about defendant’s employment is a pedigree question within the exception.
 

 Analysis starts by recognizing that the purpose of CPL 710.30 is to inform a defendant that the People intend to offer
 
 *292
 
 evidence of a statement to a public officer at trial so that a timely motion to suppress the evidence may be made
 
 (People v
 
 Lopez, 84 NY2d 425;
 
 People v O’Doherty,
 
 70 NY2d 479;
 
 People v Greer,
 
 42 NY2d 170). The defendant may challenge the statement upon three grounds: that it was (1) elicited by threat of physical force or other improper conduct or undue pressure; (2) induced by a promise or statement made to defendant which created a substantial risk of false self-incrimination; or (3) obtained in violation of defendant’s constitutional rights
 
 (see,
 
 CPL 60.45 [2]). Defendant does not contend— nor does the record reflect — that the first two grounds are pertinent here, and thus we evaluate the notice requirement primarily in light of defendant’s implicit assertion that the questions posed during the booking process violated his constitutional right against self-incrimination and that he was therefore entitled to pretrial notice so that he could seek suppression.
 

 In
 
 Miranda v Arizona
 
 (384 US 436), the Supreme Court held that the prosecution is prohibited from using a statement made by the defendant during a custodial interrogation unless it can demonstrate "the use of procedural safeguards effective to secure the privilege against self-incrimination”
 
 (Miranda v Arizona,
 
 384 US, at 444,
 
 supra).
 
 In the absence of proof that defendant was given the so-called
 
 Miranda
 
 warnings and knowingly and intelligently waived them, "no evidence obtained as a result of interrogation can be used against him”
 
 (id.,
 
 at 479).
 

 The Supreme Court has recognized that "routine booking questions” constitute custodial interrogation. Nevertheless, it has held that answers given in response to such questions fall outside the protection of
 
 Miranda
 
 if they are "reasonably related to the police’s administrative concerns”
 
 (Pennsylvania v Muniz,
 
 496 US 582, 601-602;
 
 see also, United States v McLaughlin, 777
 
 F2d 388, 391-392;
 
 United States v Sims,
 
 719 F2d 375, 378,
 
 cert denied
 
 465 US 1034). The exception derives from the essential purpose of
 
 Miranda
 
 — to protect defendants from self-incrimination in response to questions posed as part of the investigation of a crime, as distinguished from noninvestigative inquiries
 
 (see, United States ex rel. Hines v LaVallee,
 
 521 F2d 1109, 1113,
 
 cert denied sub nom. Hines v Bombard,
 
 423 US 1090;
 
 see also, United States v Menichino,
 
 497 F2d 935, 939-942). We have also acknowledged the exception
 
 (see, People v Rodriquez,
 
 39 NY2d 976, 978;
 
 People v Rivera,
 
 26 NY2d 304, 309;
 
 see also, People v Rogers,
 
 48 NY2d 167, 173).
 

 
 *293
 
 Because responses to routine booking questions — pedigree questions, as we have referred to them — are not suppressible even when obtained in violation of
 
 Miranda,
 
 defendant lacks a constitutional basis upon which to challenge the voluntariness of his statement and where there is no question of voluntariness, the People are not required to serve defendant with notice
 
 (see, People v Greer,
 
 42 NY2d, at 178,
 
 supra; cf., People v Collins,
 
 60 NY2d 214, 218-219 [if there is no identification within the meaning of CPL 710.30, no notice is required];
 
 People v Gissendanner,
 
 48 NY2d 543, 552 [same]). Because routine administrative questioning by the police presumptively avoids any grounds for challenging the voluntariness of statements given in response to those questions, notice of such statements is not required
 
 (see, People v Berkowitz,
 
 50 NY2d 333, 338, n 1).
 

 The question remains, however, whether the question about defendant’s employment was "reasonably related to * * * administrative concerns”
 
 (Pennsylvania
 
 v
 
 Muniz, supra,
 
 at 601-602) and therefore falls within the scope of the pedigree exception to the notice requirement of CPL 710.30. Statements made in response to questions which are not directed solely to administrative concerns are subject to the requirements of CPL 710.30. Similarly, the People may not rely on the pedigree exception if the questions, though facially appropriate, are likely to elicit incriminating admissions because of the circumstances of the particular case
 
 (see, Pennsylvania v Muniz,
 
 496 US, at 602, n 14,
 
 supra; Rhode Is. v Innis,
 
 446 US 291, 301;
 
 People v Rivera,
 
 26 NY2d, at 309,
 
 supra).
 
 Such questions fall outside the pedigree exceptions
 
 (see, e.g., United States v Parra,
 
 2 F3d 1058 [questions regarding suspect’s true name posed to elicit information relevant to suspect’s immigration status, which was an essential element of the crime charged];
 
 United States v Doe,
 
 878 F2d 1546 [questions regarding citizenship required
 
 Miranda
 
 warnings when nationality was an element of the crime charged]). Thus, the mere claim by the People that an admission was made in response to a question posed solely as an administrative concern does not automatically qualify that admission for the pedigree exception to
 
 Miranda
 
 or exempt the People from the necessity of supplying a CPL 710.30 notice
 
 (see, e.g., People v Antonio,
 
 86 AD2d 614 [questions about ownership of car were investigatory and thus subject to
 
 Miranda]; United States v Sims, supra
 
 [questions regarding ownership of airplane keys were investigatory, not administrative]).
 

 
 *294
 
 In this case, the inquiry about defendant’s employment status comes within the exception. The arresting officer’s question was part of a routine booking form and was reasonably related to such administrative concerns as assignment of counsel, setting of bail, and the arraigning court’s determination whether to release defendant on his own recognizance
 
 (accord, United States v McLaughlin, supra).
 
 Accordingly, we find no error in the People’s failure to give notice of their intent to offer evidence of defendant’s statement that he was "in sales.” Although the question about defendant’s occupation is arguably related to the conduct for which defendant had been arrested, it was not a disguised attempt at investigatory interrogation, and was not reasonably likely to elicit an incriminating response from defendant. Indeed, the incriminating nature of defendant’s response arose from his apparent attempt to be humorous, and though the answer was incriminating, preclusion of the evidence is not required because the pedigree exception excuses the absence of CPL 710.30 notice.
 

 We have reviewed defendant’s remaining contentions and find them without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.