■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME DELFYETTE, Appellant. [636 NYS2d 782] —Judgment,

Supreme Court, New York County (James Leff, J.), rendered April 20, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 11 to 22 years, unanimously affirmed.

Defendant's generalized objection failed to preserve for appellate review his claim that the court improperly admitted into evidence the statement he made to the arresting officer about being unemployed. Nor is reversal warranted in the interest of justice. First, there was no violation of CPL 710.30 (1) (a) because the statement was taken as pedigree information (*People v Rodney*, 85 NY2d 289). Second, even if defendant's employment status was of questionable relevance as part of the People's direct case, any error in that regard became harmless once defendant testified in his own behalf, because his employment status was relevant, not only to his general credibility, but to specific issues raised by his testimony.

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.