■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT PAYNE, Appellant. [650 NYS2d 833] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 23, 1995, upon a verdict convicting defendant of the crime of burglary in the third degree.

Defendant was convicted of the crime of burglary in the third degree. The charge arose out of a break-in at the Greater Broome Indoor Marketplace in the Village of Johnson City, Broome County, on the morning of November 6, 1994. Two Johnson City police officers were dispatched to the scene after a burglar alarm sounded at the Marketplace. One of the officers observed defendant and a companion walking away from the Marketplace. Defendant was carrying a large plastic bin that was filled with clothing, some of which appeared to be tie-dyed. Defendant told the officer that he was headed to the laundromat, but the officer later checked the laundromat and did not find defendant there. Following the burglary, several merchants at the Marketplace found tie-dyed clothing to be missing from their display racks. Police obtained an arrest warrant for defendant and took him into custody. While he was being processed by the police, officers seized the sneakers that he was wearing. At trial, the People produced evidence that the tread of defendant's sneakers matched prints that had been left at the Marketplace on the morning of the burglary.

Defendant argues that the police violated his constitutional rights against unreasonable search and seizure (US Const, 4th Amend; NY Const, art I, § 12), when they took his sneakers after his arrest. In determining whether an individual's 4th Amendment rights have been violated, the main inquiry is into the reasonableness of the search, but the individual's expectation of privacy is also a significant factor (*see, People v Perel*, 34 NY2d 462, 466). Once a person has been placed in custody, his privacy has been compromised and the subsequent examination and testing of items seized at the time of arrest is permissible as a lesser-related intrusion incident to the arrest already effected (*see, People v Natal*, 75 NY2d 379, 383, *cert denied* 498 US 862; *People v Perel, supra*, at 467; *People v Harris*, 217 AD2d 791, 792, *lv denied* 87 NY2d 846; *People v Greenwald*, 90 AD2d 668). Thus, because defendant's sneakers were in plain view at the time of his arrest and were seized incident

to that arrest, we find no violation of defendant's State and Federal constitutional rights against unreasonable searches and seizures (*see, People v Natal, supra,* at 383-384). To the extent that defendant argues that County Court erred in admitting the sneakers as evidence, defense counsel did not object to this ruling and it is therefore unpreserved for our review (*see, People v Garcia,* 83 NY2d 817, 819; *People v Semper,* 207 AD2d 674, 675, *lv denied* 84 NY2d 910).

Defendant also contends that County Court should have suppressed certain statements made by defendant to a police sergeant while defendant was being processed at the police station following his arrest. The sergeant testified that when defendant was brought to his desk, the sergeant greeted him and defendant responded that the charge against him was without merit and that he had simply been on the way to the laundromat. The sergeant then responded that the police had checked the laundromat and that defendant had not been there. Defendant replied that he had gone to his brother's house instead and that the plastic bin was there. At trial, defendant's brother testified that although defendant had been at his house on the morning of the burglary, he did not have his laundry with him and that he had never seen the plastic bin.

Defendant's right to counsel attached indelibly upon the filing of the accusatory instrument that provided the basis for the issuance of an arrest warrant, and defendant could not waive the right to counsel in the absence of counsel (*see, People v Rivers,* 56 NY2d 476, 479; *People v Samuels,* 49 NY2d 218). For that reason, the police could not engage in any interrogation of defendant in the absence of counsel (*supra*). However, a statement that is made spontaneously, without external cause and that was not the result of "inducement, provocation, encouragement of acquiescence, no matter how subtly employed", will not be suppressed (*People v Maerling,* 46 NY2d 289, 302-303; *see, People v Jones,* 169 AD2d 986, 988, *lv denied* 77 NY2d 996; *People v Bryant,* 87 AD2d 873, 874, *affd* 59 NY2d 786). The test is not whether defendant, through hindsight, claims that the police intended to provoke an incriminating response; rather, County Court, using an objective standard, must determine whether defendant's statement can be said to have been triggered by police conduct that should reasonably have been anticipated to evoke a statement from defendant (*see, People v Lynes,* 49 NY2d 286, 295).

In this case, we find that defendant's comments were not the product of interrogation and that County Court correctly declined to suppress them on that ground. There is no evidence

in the record that there was an extended discussion between defendant and the officer or that an interrogational atmosphere existed at the time defendant spoke to the officer (*see, People v Bryant, supra,* at 874). Defendant's initial comment was sparked by a simple greeting from the officer. The officer's retort appears to have been completely spontaneous and not a studied effort to elicit information from defendant. Not every comment from a police officer in response to a statement by a defendant can be said to constitute interrogation, even if it is followed by an incriminating statement by a defendant (*see, People v Rivers, supra,* at 479).

Defendant also urges that the jury's verdict was against the weight of the evidence. Weight of the evidence review requires us to view the evidence in a neutral light and to make our own independent determination regarding the " ' "relative probative force * * * of conflicting inferences that may be drawn from the testimony" ' " (*People v Carthrens,* 171 AD2d 387, 392, quoting *People v Bleakley,* 69 NY2d 490, 495; *see, People v MacDonald,* 227 AD2d 672, 674). Although the evidence against defendant was circumstantial, it nonetheless establishes that defendant was seen shortly after the burglary carrying the type of clothing that was later reported to have been stolen. Although he indicated at the time that he was on his way to the laundromat, he apparently never made it there. His statement that he left the laundry bin at his brother's house was later determined to be untrue. Although there was conflicting evidence as to whether defendant's sneaker prints matched those at the scene of the burglary, giving due weight to the credibility determinations of the jury (*see, People v Bleakley, supra,* at 495), we are satisfied that the jury's verdict was not against the weight of the evidence.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.