■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE VELASQUEZ, Also Known as GEORGE VASQUEZ, Appellant. [671 NYS2d 224] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered November 30, 1994, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court's verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence establishing defendant's intentional participation in the sale, and refuting the agency defense, including evidence that defendant, in conjunction with steering an undercover officer to the seller for the purchase of heroin, exercised exclusive control over public access to the seller and acted as a lookout by standing in the doorway of a building, keeping the door ajar, throughout two transactions. We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Williams, Mazzarelli and Andrias, JJ.

■ OMAR SIAGHA, Respondent, v SALANT-JEROME, INC., et al., Appellants. [671 NYS2d 227] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered January 17, 1997, which granted plaintiff's motion for a default judgment, and denied defendant's cross motion to dismiss the complaint for lack of personal jurisdiction and as barred by the Statute of Limitations, unanimously affirmed, without costs.

The complaint, which alleges that plaintiff was attacked by defendant bar's employee during business hours with a pipe that was kept in plain view behind the bar, could be construed to state a cause of action for negligent supervision governed by the three-year Statute of Limitations for negligence, not the one-year Statute for assault. Defendant's claim that it was never served must be rejected as the only affidavit offered in support thereof is neither signed nor notarized. And, like the IAS Court, we discern no prejudice resulting from plaintiff's misnomer of defendant in his motion for a default judgment. Concur—Ellerin, J. P., Wallach, Williams, Mazzarelli and Andrias, JJ.