■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RIVERA, Appellant. [673 NYS2d 102] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered February 8, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and two counts of criminally using drug paraphernalia, and sentencing him to concurrent prison terms of 2½ to 7½ years, 2½ to 7½ years, 1 year and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Defendant's actions, including guarding the entrance to the apartment building where there was an ongoing drug operation in one of two apartments that were the subject of a search warrant, asking the undercover officer what he wanted, looking him over to make sure he was not a threat to the operation and directing him inside where he purchased the narcotics, established his guilt as an accomplice (*see, People v Velasquez*, 249 AD2d 11; *People v Wylie*, 180 AD2d 774, *lv denied* 81 NY2d 767).

Having affirmatively stated that he did not object when the court asked if there were objections to the courtroom being closed, defendant has waived his current claim that he was denied his right to a public trial (*see, People v Hicks*, 205 AD2d 478, *lv denied* 84 NY2d 868), and we decline to review it in the interest of justice. Were we to review it, we would find that the court properly closed the courtroom during the testimony of the undercover officer who indicated, *inter alia*, that he was currently working in the vicinity of defendant's arrest and had a major ongoing investigation there (*see, People v Ayala*, 90 NY2d 490, *cert denied* 522 US 1002). Concur—Milonas, J. P., Wallach, Rubin, Mazzarelli and Saxe, JJ.