THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON L. PATTERSON, Appellant. [787 NYS2d 531]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 17, 2001. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of marihuana in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of marihuana in the fourth degree (§ 221.15). Defendant contends that the evidence is legally insufficient to establish his constructive possession of the cocaine found in a shirt in the bedroom of his girlfriend's residence and that the verdict is against the weight of the evidence. We reject that contention. The police witnesses testified that they observed defendant at his girlfriend's residence on several occasions and that, upon executing a search warrant for the residence, they found letters and other mail addressed to defendant, as well as men's clothing. Although the trial testimony of defendant's girlfriend was inconsistent in some respects, it was consistent to the extent that she testified that defendant stayed at her residence on occasion and that he kept some clothing there, including the shirt in which the cocaine was found. The evidence is thus legally sufficient to establish defendant's constructive possession of the cocaine (*see People v Nunziata*, 10 AD3d 695, 696 [2004]; *People v Justiniano*, 216 AD2d 953 [1995], *lv denied* 86 NY2d 873 [1995]), and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to defendant's further contention, County Court's *Ventimiglia* ruling does not constitute an abuse of discretion. The evidence that defendant sold drugs at his girlfriend's residence four days before the execution of the search warrant was relevant with respect to the issue of his intent to sell (*see People v Perez*, 298 AD2d 935, 936 [2002], *lv denied* 99 NY2d 562

[2002]; *see also People v Carson*, 4 AD3d 805, 805-806 [2004], *lv denied* 2 NY3d 797 [2004]; *People v Maddox,* 256 AD2d 1066, 1067 [1998]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Hurlbutt, Martoche and Hayes, JJ.