OPINION OF THE COURT
Kenneth L. Gartner, J.
The defendant is charged with driving while intoxicated (DWI), an unclassified misdemeanor, pursuant to section 1192 (2) of the Vehicle and Traffic Law. The People have given notice pursuant to section 710.30 of the Criminal Procedure Law of two statements allegedly made by the defendant which the People intend to use during their case-in-chief at trial.
Miranda v Arizona (384 US 436 [1966]) provides that statements obtained involuntarily, or as the result of custodial interrogation without a full advisement of constitutional rights, are generally inadmissible. A hearing was held, on consent of the People, to determine whether these two statements were voluntarily made and admissible.
This court determined at the close of the hearing that the first-noticed statement — that the defendant had drunk three beers — was voluntarily made. It was also made during a noncustodial roadside investigation. It is therefore admissible. (People v Parris, 26 AD3d 393 [2d Dept 2006]; People v Mackenzie, 9 Misc 3d 129[A], 2005 NY Slip Op 51535[U] [App Term, 2d Dept], lv denied 5 NY3d 807 [2005].)
As to the second-noticed statement — that the defendant had, prior to his approximately 11:22 p.m. stop, drunk two or three beers at about 9:30 p.m. — this court at the close of the hearing reserved decision. It was clear that the statement had been voluntarily made. However, it was concededly made postarrest, without Miranda warnings having been given, and in response to police questioning. Under usual circumstances, the People concede, this would render the statement inadmissible under Miranda. The People argue that the statement is nevertheless admissible under the “pedigree exception” to the Miranda rule.
The statement was made in response to a question, asked by police department personnel as part of a health screening conducted at the Central Testing Station at police headquarters in Mineóla, regarding recent alcohol consumption.
In People v Rodney (85 NY2d 289, 293 [1995]), the Court of Appeals described the “pedigree exception” to the Miranda rule, which would superficially appear to cover the instant situ *954 ation: “[R]espouses to routine booking questions — pedigree exceptions, as we have referred to them — are not suppressible even when obtained in violation of Miranda . . . .”
However, the Court then described what amounts to an “exception to the exception,” into which the instant situation arguably falls: “[T]he People may not rely on the pedigree exception if the questions, though facially appropriate, are likely to elicit incriminating admissions because of the circumstances of the particular case. Such questions fall outside the pedigree exception.” (People v Rodney, supra, 85 NY2d at 293 [citations omitted].)
In People v Hernandez (6 Misc 3d 572 [Nassau Dist Ct 2004, Kluewer, J.]), another judge of this court held that, pursuant to People v Rodney, in a criminal drug possession prosecution questions about recent drug use, asked of the defendant as part of a routine health screening, fell outside the pedigree exception. The questions, held the court, “are here particularly likely to elicit relevant, incriminating responses since ‘they [go] to the very heart of the crime charged,’ ” and that therefore, in the absence of Miranda warnings having been given, “[w]hile the police are free to use the answers for administrative purposes . . . the People may not use them as part of their case-in-chief at trial.” (6 Misc 3d at 575 [citations omitted].)
People v Hernandez thus ruled inadmissible statements made by the defendant in response to questions about the use of drugs in the context of a case which was premised on drug possession, not use. In the “particular circumstances” of the instant case — a DWI arrest — a postarrest question regarding recent alcohol consumption would to an even greater degree than was the case in People v Hernandez “go to the very heart of the crime charged,” and therefore be likely to elicit incriminating admissions.
No Miranda warning having been given, suppression must therefore be granted of the second-noticed statement.
Suppression is denied as to the first-noticed statement, which may be utilized by the People on their case-in-chief.
This case is now set down for the selection of a trial date.