■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DORNEY, Appellant. [825 NYS2d 590]—

Crew III, J. Appeal from a judgment of the County Court of Albany County (Teresi, J.), rendered May 12, 2005, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree.

On September 17, 2004, while on routine patrol, City of Albany Police Officer Robert Schunk observed Lolita Sankey park her car and walk into the backyard of a residence that the officer believed to have been vacant for as many as seven years. Becoming suspicious, Schunk parked his patrol car, went to the rear door of the vacant house and knocked, whereupon a female voice told him to come around to the front door and "they"

would let him in. When Schunk walked to the front of the house, he found defendant and Sankey standing on the front stoop. Schunk asked each for their names, whether they lived at the residence and what they were doing there. Each said they did not live at the residence but were visiting someone, each identifying a different person. Schunk then called for backup and, when a supervisor arrived, defendant was handcuffed and put in Schunk's patrol car while Schunk entered the residence for the purpose of determining if anyone was in the house, a common police practice known as clearing the premises. During this walk-through, Schunk noticed a strong odor of marihuana and the presence of marihuana residue in plain view on the dining room table. Upon completion of the walk-through, a search warrant was obtained for the residence.

Execution of the search warrant revealed approximately 17 pounds of marihuana located throughout the house, together with marihuana paraphernalia and some $19,000 in cash. Also found in a bedroom in the house were defendant's personal/legal papers, his passport and a ledger book. As a consequence, defendant was indicted and charged with criminal possession of marihuana in the first degree. Following a jury trial, defendant was found guilty as charged and was sentenced, as a second felony offender, to a term of imprisonment of $7^1/2$ to 15 years. Defendant now appeals.

Defendant initially contends that the police illegally handcuffed and detained him while going through the house, thus requiring reversal. We disagree. It is now axiomatic that where police harbor a reasonable suspicion that a person was involved in a crime, they are authorized to forcibly stop and detain him or her (*see e.g. People v Bennett*, 189 AD2d 924, 925 [1993]). Here, given the facts known to Schunk at the time that he handcuffed defendant, there existed reasonable suspicion, if not probable cause, to believe that defendant had committed a criminal trespass or burglary.

Next, defendant argues that the police lacked probable cause to enter the residence in question and, thus, any evidence ultimately acquired must be suppressed. Again, we disagree. We need note only that defendant disavowed any interest in the searched residence and, as such, he lacks standing to challenge the validity of the search (*see e.g. People v Chaney*, 298 AD2d 617, 619 [2002], *lv dismissed and denied* 100 NY2d 537 [2003]).

Defendant further contends that there was legally insufficient evidence to sustain his conviction. We disagree. The evidence here established that defendant let Sankey into the residence in question before Schunk arrived and that the house clearly was

occupied at the time of the investigation. A bedroom was found furnished, containing masculine apparel and personal items bearing defendant's name, including his passport. That evidence is legally sufficient to establish defendant's constructive possession of the marihuana (*see e.g. People v Patterson*, 13 AD3d 1138, 1139 [2004], *lv denied* 4 NY3d 801 [2005]). We have considered defendant's remaining contentions and find them equally unavailing.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.