■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW SANDERS, Appellant. [903 NYS2d 638]—Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered May 1, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]), defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to secure a more favorable sentence. To the extent that defendant's contention survives the plea (*see People v Gross*, 50 AD3d 1577 [2008]), it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). "Defense counsel negotiated 'an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*Gross*, 50 AD3d 1577, quoting *Ford*, 86 NY2d at 404).

We reject the further contention of defendant that County Court erred in determining that he voluntarily waived his *Miranda* rights prior to making incriminating statements to the police and thus erred in refusing to suppress those statements. The court's determination is entitled to deference and will not be disturbed where it is supported by the record (*see People v McAvoy*, 70 AD3d 1467 [2010]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Here, the record of the suppression hearing establishes that a detective read defendant his *Miranda* rights from a standard *Miranda* waiver form and defendant thereafter stated that he understood his rights and was willing to speak with the police.

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.