# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

527

KA 12-00341

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

ERIC X. MARTINEZ, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (JOHN E. TYO OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), entered September 7, 2011. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree and forcible touching (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of rape in the first degree (Penal Law § 130.35 [1]) and two counts of forcible touching (§ 130.52). We agree with defendant that the waiver of the right to appeal was not valid inasmuch as the record does not establish that it was knowingly, intelligently and voluntarily entered (*see People v Bradshaw*, 18 NY3d 257, 259). Although the prosecutor engaged in a colloquy with defendant regarding the waiver of the right to appeal, County Court failed to address the waiver with defendant and we thus conclude that the court "took no measures to ensure that [defendant] . . . understood . . . and . . . validly waiv[ed] his right to appeal" (*People v Bradshaw*, 76 AD3d 566, 568, *affd* 18 NY3d 257).

We further conclude, however, that defendant's contention that the court erred in denying his motion seeking to sever three counts from the remaining 11 counts of the indictment was forfeited by his guilty plea (*see People v Konieczny*, 2 NY3d 569, 572; *People v Hansen*, 95 NY2d 227, 230). We reject defendant's further contention that the court erred in refusing to suppress his statement to the police, which was given without the assistance of an interpreter. The court credited the testimony of the police investigator who took the statement that she had no trouble communicating with defendant and that he responded appropriately to her questions. Defendant's oral statement was reduced to writing, and our review of that written statement establishes that defendant responded appropriately to the investigator's questions. "The [suppression]

court's determination is entitled to deference and will not be disturbed where it is supported by the record" (*People v Sanders*, 74 AD3d 1896, 1896; *see generally People v Prochilo*, 41 NY2d 759, 761).  The sentence is not unduly harsh or severe.

Entered:  April 26, 2013                          Frances E. Cafarell
                                                 Clerk of the Court