# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

367

KA 13-00725

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

JOHN E. HOLLAND, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (JEREMY V. MURRAY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered March 8, 2013. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and criminally using drug paraphernalia in the second degree (§ 220.50 [3]). Defendant failed to preserve for our review his contention that County Court should have suppressed his statement to the police as involuntary based upon alleged coercion by the police inasmuch as he did not move to suppress the statement on that ground (*see People v Lewis*, 124 AD3d 1389, 1390; *People Woodard*, 96 AD3d 1619, 1620, *lv denied* 19 NY3d 1030). In any event, we note that "[t]here is no indication in the record that defendant's statement[] [was] not voluntarily made" (*People v Topolski*, 28 AD3d 1159, 1160, *lv dismissed* 6 NY3d 898, *lv denied* 7 NY3d 764, *reconsideration denied* 7 NY3d 795; *see People v Kirton*, 36 AD3d 1011, 1012, *lv denied* 8 NY3d 947). Contrary to the further contention of defendant, "[t]he record of the suppression hearing supports the court's determination that defendant knowingly, voluntarily and intelligently waived his *Miranda* rights before making the statement" (*People v Irvin*, 111 AD3d 1294, 1295, *lv denied* 24 NY3d 1044; *see People v Sanders*, 74 AD3d 1896, 1896).

Defendant further contends that the evidence is legally insufficient to establish his constructive possession of cocaine and drug paraphernalia found in the bedroom of his girlfriend's residence.

We reject that contention (*see People v Patterson*, 13 AD3d 1138, 1139, *lv denied* 4 NY3d 801; *see generally People v Bleakley*, 69 NY2d 490, 495).  A detective testified that defendant matched the description of a man who was reportedly selling cocaine out of the residence and, upon executing a search warrant for the residence, the police found cocaine and drug paraphernalia in a dresser drawer that also contained defendant's New York State benefit card and a prescription in his name.  Further, defendant's girlfriend testified that defendant spent three or four nights a week at her home, and that he kept clothing and shoes in her bedroom.  The evidence is thus legally sufficient to establish defendant's constructive possession of the cocaine (*see People v Holley*, 67 AD3d 1438, 1439, *lv denied* 14 NY3d 801; *People v Dorney*, 35 AD3d 1032, 1033-1034, *lv denied* 8 NY3d 921; *People v Lopez*, 112 AD2d 739, 739-740).  In addition, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Archie*, 78 AD3d 1560, 1561-1562, *lv denied* 16 NY3d 856; *Patterson*, 13 AD3d at 1139; *see generally Bleakley*, 69 NY2d at 495).

We also reject defendant's contention that he was denied effective assistance of counsel.  It is well settled that, "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709; *see People v Benevento*, 91 NY2d 708, 712), and defendant failed to meet that burden.  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 27, 2015                        Frances E. Cafarell
                                                Clerk of the Court