# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**972**

**KA 10-01385**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

HANDY SLADE, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 25, 2010. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree and as modified the judgment is affirmed, and a new trial is granted on counts two and three of the indictment.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law §§ 20.00, 220.39 [1]), criminal possession of a controlled substance in the third degree (§§ 20.00, 220.16 [1]), and criminally using drug paraphernalia in the second degree (§§ 20.00, 220.50 [2]), defendant contends that the evidence is legally insufficient to establish his liability as an accessory or his constructive possession of the drugs and drug paraphernalia. Defendant failed to preserve that contention for our review inasmuch as he failed to make a motion for a trial order of dismissal specifically directed at those alleged insufficiencies (*see People v Beard*, 100 AD3d 1508, 1509; *People v Goodrum*, 72 AD3d 1639, 1639, *lv denied* 15 NY3d 773; *see generally People v Gray*, 86 NY2d 10, 19). In any event, we conclude that defendant's contention is without merit inasmuch as there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495).

"To establish an acting-in-concert theory in the context of a drug sale, the People must prove not only that the defendant shared the requisite *mens rea* for the underlying crime but also that defendant, in furtherance of the crime, solicited, requested, commanded, importuned or intentionally aided the principal in the commission of the crime . . . Although the case law discussing these criteria is somewhat fact-specific, integral to each inquiry is whether a defendant exhibited any calculated or direct behavior that purposefully affected or furthered the sale of the controlled substance . . . The key to our analysis is whether a defendant intentionally and directly assisted in achieving the ultimate goal of the enterprise—the illegal sale of a narcotic drug" (*People v Bello*, 92 NY2d 523, 526; *see People v Kaplan*, 76 NY2d 140, 144-145). Here, the evidence and the reasonable inferences drawn therefrom establish that defendant intentionally and directly assisted another in the sale of cocaine to an undercover officer by removing barricades on the door to the residence to allow the officer to enter the apartment, standing guard at the door during the officer's transaction with the principal, acting as a lookout during the sale by looking out the peephole of the door to the residence, letting the officer out of the door and securing that door upon the officer's exit from the residence. We conclude that such evidence, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish defendant's guilt as an accessory to the sale of a controlled substance (*see e.g. People v Eduardo*, 44 AD3d 371, 372, *affd* 11 NY3d 484; *People v Rivera*, 250 AD2d 423, 423, *lv denied* 92 NY2d 904; *People v Fuentes*, 246 AD2d 474, 474, *lv denied* 91 NY2d 941; *People v Lopez*, 200 AD2d 525, 525, *lv denied* 83 NY2d 1005). "Acting as a lookout is calculated behavior that furthers a drug sale by ensuring that the sale is not interrupted and the buyer and seller are not apprehended" (*People v Mondon*, 30 Misc 3d 1235 [A], 2011 NY Slip Op 50369[U], * 2).

We further conclude that, based on the evidence admitted at trial, the evidence is legally sufficient to establish that defendant had constructive possession of the drugs and drug paraphernalia found in the residence. " 'Where, as here, defendant is not found in actual possession of drugs [that] were not in plain view, the People must establish his [or her] constructive possession . . . with proof supporting the conclusion that he [or she] exercised dominion and control over the [area where the drugs were found]' " (*People v Archie*, 78 AD3d 1560, 1561, *lv denied* 16 NY3d 856; *see generally People v Manini*, 79 NY2d 561, 573-574). Here, the evidence admitted at trial established that defendant was a resident or occupant of the apartment who had control of the premises, and the fact that large quantities of narcotics and paraphernalia associated with narcotics were found in the heating vents of the residence "permitted the reasonable inference that defendant had both knowledge and possession of the narcotics [and paraphernalia]" (*People v Tirado*, 47 AD2d 193, 195, *affd* 38 NY2d 955; *see People v Diaz*, 220 AD2d 260, 260-261; *see also People v Turner*, 27 AD3d 962, 963).

Viewing the evidence admitted at trial in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d

342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Although we have concluded that the conviction is based on legally sufficient evidence and that the verdict is not against the weight of the evidence, we agree with defendant that Supreme Court erred in admitting in evidence an oral statement of defendant for which no CPL 710.30 notice had been given.  The statement at issue was defendant's response to a question about where he resided.  The statement was made while police officers were executing a search warrant at the apartment and while defendant, who was wearing only a pair of shorts, was handcuffed and lying on the floor.  At that point, one of the officers began to complete a prisoner data report.  When the officer asked defendant where he resided, defendant responded, "here."

Generally, a defendant's answer concerning his address, when "elicited through routine administrative questioning that [is] not designed to elicit an incriminating response" (*People v Watts*, 309 AD2d 628, 629, *lv denied* 1 NY3d 582; *see generally People v Rodney*, 85 NY2d 289, 292-293), will be considered pedigree information not subject to CPL 710.30 notice requirements even if the statement later proves to be inculpatory (*see People v Perez*, 198 AD2d 540, 542, *lv denied* 82 NY2d 929).  That is "[b]ecause responses to routine booking questions—pedigree questions . . . —are not suppressible even when obtained in violation of *Miranda* [and, therefore, a] defendant lacks a constitutional basis upon which to challenge the voluntariness of his [or her] statement" (*Rodney*, 85 NY2d at 293).  "[W]here there is no question of voluntariness, the People are not required to serve defendant with notice" (*id.*).

As the Court of Appeals recognized, however, "the People may not rely on the pedigree exception if the questions, though facially appropriate, are likely to elicit incriminating admissions because of the circumstances of the particular case" (*id.*).  Although the question concerning defendant's address appears to have been a facially appropriate question, we conclude that, under the circumstances of this case and, more specifically, under the circumstances in which the question was asked, the question was likely to elicit an incriminating admission and had a "necessary connection to an essential element of [the possessory] crimes charged" under Penal Law §§ 220.16 and 220.50 (2) (*People v Velazquez*, 33 AD3d 352, 354, *lv denied* 7 NY3d 929).  We agree with defendant that the error in admitting that statement cannot be considered harmless insofar as it relates to the possessory counts of the indictment inasmuch as the People relied heavily on that statement to establish defendant's constructive possession of the drugs and drug paraphernalia (*cf. People v Baker*, 32 AD3d 245, 250, *lv denied* 7 NY3d 865).  We therefore modify the judgment by reversing those parts convicting defendant of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree, and we grant a new trial on those counts of the indictment (*see People v Kims*, 96 AD3d 1595, 1597, *affd* 24 NY3d 422).  We reach a contrary conclusion with respect to the sale count of the indictment and conclude that any

error in the admission of defendant's statement was harmless with respect to that count.  The evidence in support of that count was overwhelming and "there is no reasonable possibility that the introduction of [defendant's] statement[] at trial played a role in the jury's verdict" on that count (*Baker*, 32 AD3d at 250).

Contrary to defendant's final contention, insofar as it concerns the criminal sale count, i.e., the sole count of the indictment for which a new trial is not being ordered, the court did not err in denying his request for a circumstantial evidence charge.  "A circumstantial evidence charge is required [only] where the evidence against a defendant is 'wholly circumstantial' " (*People v Guidice*, 83 NY2d 630, 636; *see People v Daddona*, 81 NY2d 990, 992; *People v Smith*, 90 AD3d 1565, 1566, *lv denied* 18 NY3d 998).  Here, however, "[d]efendant was not entitled to a circumstantial evidence charge because the case did not rest entirely on circumstantial evidence" (*Lopez*, 200 AD2d at 525).  " 'Eyewitness testimony . . . established that defendant engaged in acts which directly proved that at the very least he acted as a lookout while the crime was being committed' " (*People v Jones*, 306 AD2d 88, 88, *lv denied* 100 NY2d 583, quoting *People v Roldan*, 88 NY2d 826, 827).

Entered:  November 13, 2015

Frances E. Cafarell
Clerk of the Court