SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**740**

**KA 15-00038**

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

BYRON BUZA, DEFENDANT-APPELLANT.

---

LAW OFFICES OF PETER K. SKIVINGTON PLLC, GENESEO (DANIEL R. MAGILL OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered January 6, 2015. The judgment convicted defendant, after a nonjury trial, of criminal possession of marihuana in the second degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of marihuana in the second degree (Penal Law § 221.25) and criminal possession of a controlled substance in the seventh degree (§ 220.03).

Upon receiving information that a certain residence in the Town of Springwater might be housing drugs, Sheriff's deputies from the Livingston County Sheriff's Office proceeded to the residence to investigate. No one was home when the deputies arrived, but an investigator located defendant, whom the investigator believed to be an occupant of the residence, working at a nearby ski resort. Defendant accompanied the investigator to the residence where defendant signed a form containing boilerplate language giving his consent for "the above named officer(s) to conduct a complete search of the premises and property." That form further stated: "The above said officer(s) further have my permission to take from my premises and property, any letters, papers, materials or any other property or things which they desire as evidence for criminal prosecution in the case or cases under investigation." In addition, the form listed the deputies' names, defendant's name, and the address to be searched. Before the deputies presented the completed form for defendant's signature, it was read to him.

After he signed the form, defendant led the deputies into the residence through a door that, according to their trial testimony, may or may not have been unlocked. During the ensuing search, defendant told the deputies that one of the three bedrooms of the residence "belonged to, or was rented to" another person, whom the deputies believed to be defendant's roommate. After speaking with that person by telephone, an investigator "obtain[ed] a search warrant for the residence and [that other person]'s room." A search of the residence uncovered approximately six pounds of marihuana and an undetermined quantity of mushrooms containing psilocin, a controlled substance. The majority of the marihuana and mushrooms were found in plastic containers stored in a closet adjacent to the living room.

Contrary to defendant's contention, we conclude that the verdict is based on legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). In addition, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We nonetheless agree with defendant's further contention that County Court erred in failing to preclude evidence of an admission that he allegedly made, but for which the People did not provide a CPL 710.30 notice. The People served on defendant a CPL 710.30 notice of their intent to offer defendant's admissions as evidence at trial and attached a police report to the notice. The police report referenced defendant's statement to the deputies, during the search, that one of the bedrooms belonged to another person. At trial, however, the court permitted an investigator to testify that defendant "explained where his [own] room was," referring to another of the bedrooms. Inasmuch as the CPL 710.30 notice did not cover that statement, the court's ruling on that point was error (*see* CPL 710.30 [1]; *see also People v Lopez*, 84 NY2d 425, 428; *People v Pallagi*, 91 AD3d 1266, 1268). That error permitted the court to conclude that defendant was an occupant of the residence and, consequently, to find that defendant had constructive possession of the drugs found therein (*see People v Slade*, 133 AD3d 1203, 1205-1207, *lv denied* 26 NY3d 1150).

Contrary to the People's contention, defendant's statement was not pedigree information exempt from the CPL 710.30 notice requirement. Generally, an inculpatory statement of a defendant concerning his or her address is exempt from the notice requirement if elicited through routine administrative questioning, as long as the questioning is not designed to elicit an incriminating response (*see People v Velazquez*, 33 AD3d 352, 353, *lv denied* 7 NY3d 929; *People v Baker*, 32 AD3d 245, 250, *lv denied* 7 NY3d 865). Here, the People failed to establish that defendant's statement concerning his residency was elicited through such routine administrative questioning. In any event, we conclude that any question that may have prompted defendant's statement was likely, in the context of the police search in progress, "to elicit [an] incriminating admission[]" with respect to the possessory crimes with which defendant was charged (*People v Rodney*, 85 NY2d 289, 293; *see Slade*, 133 AD3d at 1206;

*Velazquez*, 33 AD3d at 354).

We disagree with our dissenting colleagues that the language in the consent to search form contains "specific admissions regarding [defendant's] dominion and control of the residence." To the contrary, the deputies prepared that form themselves by inserting defendant's name, as well as the address of the place to be searched, into a form that already contained boilerplate language—what one testifying Sheriff's deputy called "our permission to search document." In our view, that consent alone was not overwhelming evidence that defendant exercised dominion and control over the premises (*see generally People v Siplin*, 29 NY2d 841, 842). Moreover, defendant's conduct during the course of the investigation was equally consistent with a person who was merely familiar with the subject residence, as it was with an occupant thereof. Indeed, there was no evidence that the investigators observed a name on a mailbox, keys in defendant's possession, or framed items displaying his name or image (*cf. People v Davis*, 101 AD3d 1778, 1779-1780, *lv denied* 20 NY3d 1060; *People v Edwards*, 39 AD3d 1078, 1079-1080), nor was there evidence that the investigators recovered any property or papers from the residence, aside from one Christmas gift, that bore defendant's name or other indicia of ownership, such as photo identification, a prescription, or utility bills or other mail (*cf. People v Holland*, 126 AD3d 1514, 1515, *lv denied* 25 NY3d 1165; *People v Patterson*, 13 AD3d 1138, 1139, *lv denied* 4 NY3d 801). Given the above, we are compelled to conclude that the investigator's testimony with respect to defendant's statement of residency was a pivotal component of the People's case in establishing defendant's residency at the premises and, thus, defendant's constructive possession of the drugs. Unlike our dissenting colleagues, we therefore cannot conclude that the court's error in admitting defendant's statement is harmless (*see Slade*, 133 AD3d at 1206-1207).

All concur except PERADOTTO, J.P., and SCUDDER, J., who dissent and vote to affirm in the following memorandum: Although we agree with the majority that County Court erred in failing to preclude the testimony regarding defendant's statement to the police explaining where his own room was located in the residence because the People's CPL 710.30 notice did not include that statement, we do not agree on this record that the error requires reversal of the judgment of conviction and a new trial. We respectfully dissent because, in our view, the error was harmless, and therefore the judgment should be affirmed.

The record does not support the majority's conclusion that defendant's statement to the police about the location of his room was the linchpin of the People's case establishing that defendant was an occupant of the residence and thus had constructive possession of the drugs found therein. Here, the evidence established that, after two investigators responded to the residence to investigate and found that no one was home, one of the investigators located defendant at a nearby ski resort, they had a brief conversation there, and defendant then agreed to come back to the residence. Defendant drove his ATV and was followed by the investigator in his patrol vehicle. The two

investigators then asked defendant whether he would provide them with permission to look inside the residence.  After some conversation and contemplation, defendant verbally agreed.

Contrary to the majority's conclusion, defendant did not merely provide a generic consent to search without more; rather, he signed a detailed written consent form—the knowing and voluntary execution of which he has never challenged—wherein he made specific admissions regarding his dominion and control over the residence.  On the consent form, which contained defendant's name and date of birth as well as the address of the residence, defendant stated that he was informed by the investigators of his "constitutional right not to have a search made of the premises and property owned by [him] and/or under [his] care, custody and control, without a search warrant."  Defendant further stated that he willingly gave his permission for the investigators to conduct a complete search of the premises and property, and "to take from [his] premises and property" any items desired as evidence for a criminal prosecution.  Defendant thus acknowledged through the duly executed and detailed consent form that the residence was under his dominion and control.

In addition to returning to the residence in the lead and thereafter providing his consent to search the residence over which he had control, defendant's further actions and the evidence discovered by the police were also entirely consistent with defendant's occupancy of the residence.  After consenting to the search, defendant led the investigators through the door of the residence.  Although the investigators may have initially thought that they had consent to search the entire residence, it was subsequently established that one of the rooms "belonged to, or was rented to" another person that one of the investigators characterized as defendant's "roommate."  Defendant then contacted that person by cell phone and, after speaking with him, that same investigator left the residence and obtained a search warrant for the entire residence, including the other person's room.  Defendant's consent thus had extended only to the common areas of the residence.  As noted by the majority, most of the marihuana and mushrooms recovered during the search were found in plastic containers stored in a closet adjacent to the living room.  In part of the living room, the police also found a tin containing mushrooms and affixed with a handwritten note bearing the message, "Byron[,] Merry Xmas!"

Based on the foregoing, we conclude that the error in admitting defendant's unnoticed statement is harmless.  Considering the above-mentioned evidence in totality without reference to the error and, particularly, though not exclusively, defendant's admissions in the consent form that he maintained custody and control of the residence, we conclude that the evidence of defendant's constructive possession of the subject drugs is overwhelming (*see generally People v Fineout*, 139 AD3d 1394, 1395-1396).  There is no significant probability that the court would have acquitted defendant in the absence of the testimony regarding his statement to the investigators explaining the location of his room in the residence (*see generally People v Arafet*,

13 NY3d 460, 467; *People v Crimmins*, 36 NY2d 230, 241-242).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court