■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANEQUA MASCALL, Appellant. [52 NYS3d 57]—

Judgment, Supreme Court, New York County (Renee A. White, J. at suppression hearing; Laura A. Ward, J. at jury trial and sentencing), rendered March 4, 2013, convicting defendant of criminal possession of a forged instrument in the second degree, and sentencing her to a term of 90 days concurrent with 5 years' probation, unanimously affirmed.

Defendant's statement regarding her place of employment, which was incriminating under the circumstances of the case, should have been suppressed. While employment-related questions may fall under the pedigree exception to the requirement of *Miranda* warnings, we do not find that exception applicable to the facts presented (see *People v Rodney*, 85 NY2d 289, 293 [1995]). The officer had already finished pedigree paperwork at the front desk of the police station when she asked defendant the employment question, which was reasonably likely to elicit an incriminating response, during a separate, case-related conversation in the cell area. Nevertheless, the error was harmless, given the overwhelming evidence of guilt (*People v Crimmins*, 36 NY2d 230, 237 [1975]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.