# State of New York
# Court of Appeals

## MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 20
The People &c.,
   Respondent,
  v.
Timothy Martin,
   Appellant.

Megan Byrne, for appellant.
Alexander Michaels, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

Defendant Timothy Martin challenges his conviction of criminal possession of a controlled substance in the third degree (Penal Law § 220.16[1]), criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06[5]), and two counts of

criminally using drug paraphernalia in the second degree (Penal Law § 220.50[2], [3]). Assuming, without deciding, that Supreme Court erroneously permitted testimony of defendant's response to custodial interrogation by police during the execution of a search warrant that he lived at the target premises as falling within the pedigree exception to the requirements of Miranda v Arizona (384 US 436 [1966]) and CPL 710.30, such error was harmless (see Pennsylvania v Muniz, 496 US 582, 601–602 [1990]; People v Rodney, 85 NY2d 289, 293 [1995]).

Police found defendant alone in a bedroom with drugs and drug paraphernalia in plain view. Police also found four other adults and defendant's son elsewhere in the apartment, and more drugs in an interior hallway closet. Given the jury's inability to reach a verdict on the charges related to the drugs found in the closet, the jury could not have relied on defendant's statement that he lived in the apartment to conclude that he possessed the drugs found in the bedroom where he was discovered, but not the drugs found outside this bedroom. As the evidence of defendant's guilt was overwhelming and there is no reasonable possibility that, but for the error, the jury might have acquitted defendant of possession for the drugs in the bedroom where he was initially found by police, any error was harmless (People v Crimmins, 36 NY2d 230, 237 [1975]).

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed, in a memorandum. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Wilson concur. Judge Feinman took no part.

Decided March 28, 2019