People v Jimenez (2023 NY Slip Op 03419)

People v Jimenez

2023 NY Slip Op 03419

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Ind No. 453/18 Appeal No. 535 Case No. 2019-5047 

[*1]The People of the State of New York, Respondent,
v
Pedro Jimenez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered May 3, 2019, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a prison term of 18 years to life, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and reducing the amounts of the mandatory surcharge and crime victim assistance fees from $300 and $25 to $150 and $2, respectively, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The identifying eyewitness was well acquainted with defendant, and his testimony was corroborated by, among other things, the testimony of two civilian witnesses and the responding police officer, forensic evidence, and consciousness of guilt evidence, namely, the fact that defendant disappeared from the neighborhood on the night of the shooting and spent over 20 years living under aliases.
The court properly denied defendant's motion to suppress statements, consisting of one of his aliases, followed by his true name, made in response to a detective's pedigree question (see People v Rodney, 85 NY2d 289, 292 [1995]), which was clearly not "a disguised attempt at investigatory interrogation" (People v Wortham, 37 NY3d 407, 415 [2021], cert denied 598 US , 143 S Ct 122 [2022]). Defendant was responding to a routine booking question, and nothing in the record suggests that the detective was attempting to elicit an incriminating admission, or that he was even aware that defendant's identity was an issue in the case. Regardless of whether other investigators already knew defendant's name, the detective at issue was not involved in the investigation, and his sole function was to process the arrest, including asking the standard pedigree questions.
Defendant failed to preserve his arguments that the People made improper remarks in their opening statement and summation, and we decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 136 [1st Dept 1997], lv denied 91 NY2d 976 [1998]).
We perceive no basis for reducing the sentence. However, as the People concede, defendant committed the crime before the effective dates of the amendments to Penal
Law § 60.35 providing for the imposition of DNA databank fees and increasing the mandatory surcharge and crime victim assistance fees.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023