■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BERGE, Appellant. — Judgment unanimously reversed, on the law, and new trial granted. Memorandum: The court improperly refused to instruct the jury at the defendant's request, that the People had the burden of disproving the defense of agency. On this issue, the court instructed the jurors that if they *found* that defendant was an agent for the buyer, this would negate an essential element of the crime charged. This instruction improperly placed the burden of proof upon the defendant since it required the jurors to make an affirmative finding of agency to acquit, and it deprived the defendant of the benefit of a reasonable doubt on this issue. For this reason, we reverse. ¶ Since there must be a retrial, we deem it appropriate to comment upon the court's ruling on the admission of character evidence. The court properly refused to allow defendant to introduce character evidence showing that he had a reputation for not being a drug user or seller. The proper method of proving character is by testimony of defendant's reputation in the community for the particular trait relating to and controverting the crime charged, such as honesty, veracity, peacefulness, or a law-abiding nature (*People v Van Gaasbeck*, 189 NY 408; *Hack v United States*, 445 A2d 634, 642 [DC App]; Richardson, Evidence [10th ed], § 151), not his reputation for committing the

specific act constituting the crime. Thus, the character witness may not testify to the defendant's reputation for illegally possessing a still (*Moss v State,* 209 Ala 3); for jumping on people and hitting them with a stick (*Singley v State,* 256 Ala 56); and, as here, for use or sale of drugs (*Hack v United States,* 445 A2d 634, *supra;* see, also, *People v Calvano,* 30 NY2d 199, 206-207). Although defendant, in support of his defense of entrapment, may show that he had not heretofore sold or used drugs, he may not do so by hearsay evidence. (Appeal from judgment of Oneida County Court, Buckley, J. — criminal sale of controlled substance, third degree, and another offense.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.