# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1251**

**KA 10-01192**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MARKUS J. BARBER, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered October 26, 2009.  The judgment convicted defendant, upon his plea of guilty, of murder in the second degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, the motion to suppress defendant's statements to the police is granted and the matter is remitted to Monroe County Court for further proceedings on the indictment in accordance with the following Memorandum:  Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]). We note at the outset that, as the People correctly concede, defendant did not waive his right to appeal.

We agree with defendant that County Court erred in denying his motion to suppress the statements he made to the police after he had invoked his right to counsel.  "Whether a particular request [for counsel] is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor [and] manner of expression[,] and the particular words found to have been used by the defendant" (*People v Glover*, 87 NY2d 838, 839).  Here, the testimony at the suppression hearing established that, before defendant was informed of his *Miranda* rights at the police station, defendant asked a police officer to retrieve the telephone number of defendant's attorney from defendant's wallet.  The hearing testimony further established that an investigator acknowledged defendant's request but asked defendant to continue speaking with the police. That testimony was confirmed by a videotaped interview submitted at the hearing as an exhibit.  " '[V]iewed in context of the totality of

circumstances, particularly with respect to events following [defendant's request for his attorney's phone number]' " (*People v Twillie*, 28 AD3d 1236, 1237, *lv denied* 7 NY3d 795), we conclude that defendant unequivocally invoked his right to counsel and that his statements should have been suppressed (*see People v Porter*, 9 NY3d 966, 967; *People v Esposito*, 68 NY2d 961, 962).  We therefore reverse the judgment of conviction, vacate the plea and grant defendant's suppression motion, and we remit the matter to County Court for further proceedings on the indictment.

Defendant further contends that the court should have suppressed the gun found on his person at the time of his arrest because it was obtained as the product of an unlawful detention.  That contention is not preserved for our review because defendant failed to move to suppress such evidence (*see People v Price*, 112 AD3d 1345, 1345-1346; *People v Watson*, 90 AD3d 1666, 1667, *lv denied* 19 NY3d 868).  We agree with defendant, however, that he was denied effective assistance of counsel based on defense counsel's errors with respect to suppression (*see generally People v Hobot*, 84 NY2d 1021, 1022).  We note that defense counsel moved to suppress evidence seized from defendant's residence although there was no indication that any evidence was seized therefrom but failed to move to suppress the gun found on defendant's person.  The record establishes that defendant was arrested after a police officer observed defendant and three other individuals standing "approximately 8-10 houses away" from the location of reported gunfire.  According to a police report, "[f]or officer safety purposes, [the officer] ordered [defendant and the other three individuals] to the ground and they were taken into custody," and a police officer found defendant in possession of a loaded weapon.  There is no indication in the record on appeal that the police had a founded suspicion that defendant and his companions were the source of the gunfire or were involved in any other criminal activity (*cf. People v Hightower*, 261 AD2d 871, 871, *lv denied* 93 NY2d 971).  On the record before us, we conclude that there are no strategic reasons for moving to suppress evidence that did not exist while failing to move to suppress a gun that was seized from defendant's person and that was the factual basis for the charges in the indictment (*see generally People v Benevento*, 91 NY2d 708, 712-714).  We further conclude that defense counsel's errors prejudiced defendant and deprived him of the right to effective assistance of counsel (*see generally Hobot*, 84 NY2d at 1022).  We therefore direct that the further proceedings on remittal should include a motion to suppress physical evidence if appropriate (*see generally People v Mezon*, 80 NY2d 155, 160).  In light of our determination, we do not address defendant's remaining contentions.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court