# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1298**
**KA 15-00273**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JENNIFER K. KENNARD, DEFENDANT-APPELLANT.

---

LAW OFFICES OF JOSEPH D. WALDORF, P.C., ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered February 5, 2015. The judgment convicted defendant, after a nonjury trial, of rape in the second degree (six counts), rape in the third degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress defendant's statements is granted, and a new trial is granted.

Memorandum: On appeal from a judgment convicting her following a nonjury trial of, inter alia, six counts of rape in the second degree (Penal Law § 130.30 [1]), defendant contends that County Court erred in failing to suppress statements she made to the police after she invoked her right to counsel. We agree. We therefore grant that part of defendant's omnibus motion seeking to suppress any statements she made to the police after her invocation of the right to counsel, and we grant a new trial.

On March 15, 2013, defendant was interviewed at the Irondequoit Police Department by two investigators, who had recently been informed by a 16-year-old boy that defendant, a teacher's aide at the boy's school, had engaged him in a sexual relationship for the previous two years. During the custodial interview, which was recorded on video, defendant waived her *Miranda* rights and repeatedly denied having sex with the boy. After answering questions for approximately an hour and ten minutes, defendant said, "I think I need to talk to an attorney." In response, the first investigator stated, "Would you like to talk to one? If you think that, that's fine. That's up to you." Defendant replied, "I need to," before going on to state that she would never have bad feelings toward the boy and genuinely cared about him. The

questioning then ceased, and the first investigator allowed defendant to go outside with the second investigator and a female Child Protective Services worker to smoke a cigarette.

While defendant was smoking in the parking garage, the second investigator engaged her in a lengthy conversation. Unbeknownst to defendant, the conversation was being digitally recorded by the second investigator. During the conversation, defendant made numerous admissions, all but confessing that she had engaged in sexual activity with the boy. She was thereafter arrested and charged with multiple counts of rape in the second degree, among other charges. Following indictment, defendant moved to suppress the statements she made to the second investigator in the parking garage, contending that they were obtained in violation of her right to counsel. At the ensuing *Huntley* hearing, the two investigators testified, and the recording of the interview was admitted into evidence. Defendant did not testify or call any witnesses. The court denied defendant's motion, ruling that she had not unequivocally invoked her right to counsel.

It is well settled that "a suspect in custody who unequivocally requests the assistance of counsel may not be questioned further in the absence of an attorney" (*People v Harris*, 93 AD3d 58, 66, *affd* 20 NY3d 912; *see People v Grice*, 100 NY2d 318, 320-321; *People v Glover*, 87 NY2d 838, 839). "Whether a particular request [for counsel] is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request[,] including the defendant's demeanor [and] manner of expression[,] and the particular words found to have been used by the defendant" (*People v Barber*, 124 AD3d 1312, 1313 [internal quotation marks omitted], *lv dismissed* 26 NY3d 965; *see People v Mitchell*, 2 NY3d 272, 276).

Here, we conclude that, although defendant's statement "I think I need to talk to an attorney" may not, standing alone, constitute an unequivocal invocation of the right to counsel (*see People v Twillie*, 28 AD3d 1236, 1237, *lv denied* 7 NY3d 795; *People v Davis*, 193 AD2d 1142, 1142), her subsequent statement "I need to"—made in reply to the first investigator stating "Would you like to talk to one? If you think that, that's fine. That's up to you"—removed any ambiguity and made clear that defendant was requesting the assistance of counsel (*see generally People v Porter*, 9 NY3d 966, 967; *Barber*, 124 AD3d at 1313; *Harris*, 93 AD3d at 69).

We disagree with the hearing court that it is unclear exactly what defendant said to the first investigator after he told her that she could talk to an attorney if she so desired. In our view, defendant can be heard to clearly say, "I need to." In any event, even assuming, arguendo, that defendant instead said, "I'll need to," as the People suggest, we conclude that defendant's request for counsel was no less unequivocal, and that the court therefore should have suppressed the statements defendant made to the second investigator in the parking garage. We further conclude that the court's error in denying the suppression motion is not harmless because there is a "reasonable possibility that the error might have

contributed to defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 237; *see People v Huntsman*, 96 AD3d 1390, 1392; *see generally People v Douglas*, 4 NY3d 777, 779).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court