People v Kennard (2018 NY Slip Op 02938)





People v Kennard


2018 NY Slip Op 02938


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


224 KA 17-01655

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JENNIFER K. KENNARD, DEFENDANT-APPELLANT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered August 23, 2016. The judgment convicted defendant, upon a jury verdict, of rape in the third degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of rape in the third degree (Penal Law § 130.25 [2]) and endangering the welfare of a child (§ 260.10 [1]). We previously reversed the judgment convicting defendant of, inter alia, six counts of rape in the second degree (§ 130.30 [1]) and granted defendant a new trial (People v Kennard, 134 AD3d 1519 [4th Dept 2015]). The judgment now on appeal is the result of the new trial.
Contrary to defendant's contention, the inculpatory responses she gave to a police officer who was completing a prisoner data report were admissible and not subject to suppression even though they were made after defendant unequivocally invoked her right to counsel and not included on the CPL 710.30 notice. The Court of Appeals has held that answers to routine booking questions, i.e., pedigree questions, "fall outside the protection of Miranda if they are reasonably related to the police's administrative concerns' " (People v Rodney, 85 NY2d 289, 292 [1995], quoting Pennsylvania v Muniz, 496 US 582, 601-602 [1990]). Inasmuch as responses to pedigree questions "are not suppressible even when obtained in violation of Miranda, defendant lacks a constitutional basis upon which to challenge the voluntariness of [her] statement[s] and[,] where there is no question of voluntariness, the People are not required to serve defendant with [a CPL 710.30] notice" concerning those statements (id. at 293).
Here, the questions, some of which were related to the charges for which defendant was being arrested, were "neither a disguised attempt at [an] investigatory interrogation' " (People v Raucci, 109 AD3d 109, 120 [3d Dept 2013], lv denied 22 NY3d 1158 [2014]), "nor [inquiries] that the police should have known [were] reasonably likely to elicit . . . incriminating response[s]' " (id., quoting Rhode Island v Innis, 446 US 291, 302 [1980]; cf. People v Buza, 144 AD3d 1495, 1496-1497 [4th Dept 2016]; People v Slade, 133 AD3d 1203, 1206-1207 [4th Dept 2015], lv denied 26 NY3d 1150 [2016]).
The questions related to defendant's age and date of birth were taken straight from the prisoner data report and "were not designed to inculpate defendant" (People v Jackson, 237 AD2d 179, 180 [1st Dept 1997], lv denied 89 NY2d 1095 [1997]; see People v Alhadi, 151 AD2d 873, 874-875 [3d Dept 1989], lv denied 74 NY2d 804 [1989]; People v White, 149 AD2d 939, 939 [4th Dept 1989], lv denied 74 NY2d 821 [1989]). The same is true of the questions related to defendant's maiden name (see People v McCloud, 50 AD3d 379, 379-380 [1st Dept 2008], lv denied 11 NY3d 738 [2008]; see also People v Zarbhanelian, 96 AD3d 511, 511 [1st Dept 2012], lv denied 19 NY3d 1106 [2012]; People v Alleyne, 34 AD3d 367, 368 [1st Dept [*2]2006], lv denied 8 NY3d 918 [2007], cert denied 552 US 878 [2007]), and "whether [s]he had any scars[ or] tat[t]oos" (People v Richard, 232 AD2d 872, 874 [3d Dept 1996], lv denied 89 NY2d 1099 [1997]).
Defendant further contends that County Court limited her right to present a defense when it precluded defense witnesses from rebutting testimony suggesting that defendant had engaged in grooming behavior by giving the victim multiple gifts. We reject that contention. It is well settled that "[c]haracter evidence is strictly limited to testimony concerning the [party's] reputation in the community . . . , and thus a character witness may not testify to specific acts in order to establish" a particular character trait (People v Jimmeson, 101 AD3d 1678, 1679 [4th Dept 2012], lv denied 21 NY3d 944 [2013] [internal quotation marks omitted]; see People v Berge, 103 AD2d 1041, 1041-1042 [4th Dept 1984]; see generally People v Van Gaasbeck, 189 NY 408, 421 [1907]).
Here, the court properly precluded defense witnesses from testifying about specific times that defendant had given gifts to other people and limited their testimony to defendant's general reputation for generosity. Defendant contends that the court improperly interjected itself into the proceedings by sua sponte limiting the testimony without any objection by the prosecutor and that the evidence was admissible as habit evidence. Those contentions are raised for the first time on appeal, and thus they are not preserved for our review (see People v Chavis, 59 AD3d 240, 240 [1st Dept 2009], lv denied 12 NY3d 913 [2009]; People v Infante, 217 AD2d 440, 440 [1st Dept 1995], lv denied 87 NY2d 847 [1995]; see also People v Simmons, 39 AD3d 235, 236 [1st Dept 2007], lv denied 9 NY3d 851 [2007]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Viewing the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). We reject defendant's contention that the sentence following the retrial is presumptively vindictive because the sentence imposed on the rape count is greater than the sentence imposed on that same count following the first trial. Where, as here, "a defendant receives a greater sentence on an individual count, but an equal or lesser over-all sentence, courts must examine the record to determine whether there is a reasonable likelihood that the enhanced sentence on the individual count was the result of vindictiveness" (People v Young, 94 NY2d 171, 179 [1999], rearg denied 94 NY2d 876 [2000]). We conclude that the record "does not support defendant's contention that there is a reasonable likelihood that the enhanced sentence was the result of vindictiveness" (People v Bludson, 15 AD3d 912, 913 [4th Dept 2005], lv denied 4 NY3d 827 [2005], reconsideration denied 5 NY3d 785 [2005]; cf. People v Rogers, 56 AD3d 1173, 1174-1175 [4th Dept 2008], lv denied 12 NY3d 787 [2009]). Finally, the sentence is not unduly harsh or severe.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court