People v Brown (2020 NY Slip Op 00944)





People v Brown


2020 NY Slip Op 00944


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


144 KA 18-00171

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GERALD BROWN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 5, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We agree with defendant that he did not validly waive his right to appeal because County Court's oral colloquy "utterly mischaracterized the nature of the right' " to appeal (People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *6 [2019]), inasmuch as "the court's advisement as to the rights relinquished [by defendant] was incorrect and irredeemable under the circumstances" (id. at &mdash, 2019 NY Slip Op 08545, *5). Specifically, the court erroneously informed defendant that, by waiving the right to appeal, he could obtain no further review of the conviction or sentence by a higher court—crucially omitting any mention of the several rights that survive the waiver of the right to appeal (see id. at &mdash, 2019 NY Slip Op 08545, *6-7). Thus, the colloquy was insufficient to ensure that the waiver was voluntary, knowing, and intelligent (see id. at &mdash, 2019 NY Slip Op 08545, *6-7). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court