People v Jones (2020 NY Slip Op 06661)





People v Jones


2020 NY Slip Op 06661


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


995 KA 18-00609

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD JONES, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered September 20, 2017. The judgment convicted defendant upon a plea of guilty of criminal sexual act in the third degree and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal sexual act in the third degree (Penal Law § 130.40 [2]). Preliminarily, we agree with defendant that his waiver of the right to appeal is invalid (see People v Raghnal, 185 AD3d 1411, 1411 [4th Dept 2020]; People v Brown, 180 AD3d 1341, 1341 [4th Dept 2020], lv denied 35 NY3d 968 [2020]; see also People v Thomas, 34 NY3d 545, 561-563 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Contrary to defendant's contention, County Court properly refused to suppress statements made by defendant during an interview with a police detective. After the detective read defendant his Miranda rights, defendant said, "I would feel more comfortable if I had a lawyer." We conclude that, taking into account the surrounding circumstances, including defendant's demeanor and manner of expression, defendant did not make an unequivocal invocation of his right to counsel (see People v Glover, 87 NY2d 838, 839 [1995]; cf. People v Porter, 9 NY3d 966, 967 [2007]; People v Kennard, 134 AD3d 1519, 1521 [4th Dept 2015]), that "a reasonable officer . . . would have understood only that [defendant] might be invoking the right to counsel," and that further communication and questioning by the detective was appropriate to clarify defendant's intention (Davis v United States, 512 US 452, 459 [1994]). The detective offered to read the Miranda rights to defendant again, but defendant stated that it was not necessary, then acknowledged that he was comfortable with his understanding of the rights and that he wanted to speak with the detective. Before beginning to ask defendant questions about the underlying criminal incident, the detective reminded defendant that he could have a lawyer if he asked for one and that he could stop talking to the detective at any time. During the rest of the interview, defendant did not ask for an attorney or indicate a desire to stop talking to the detective.
Defendant's challenge to the court's order compelling him to provide a buccal swab for DNA analysis is forfeited by his guilty plea (see People v Graham, 175 AD3d 1823, 1824 [4th Dept 2019], lv denied 34 NY3d 1159 [2020]; People v King, 155 AD3d 1574, 1574 [4th Dept 2017], lv denied 30 NY3d 1106 [2018]; People v Smith, 138 AD3d 1415, 1416 [4th Dept 2016]). Finally, the sentence is not unduly harsh or severe.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court