People v Mejia (2020 NY Slip Op 07826)





People v Mejia


2020 NY Slip Op 07826


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1231 KA 19-00971

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN MEJIA, DEFENDANT-APPELLANT. 






KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Gordon J. Cuffy, A.J.), rendered April 18, 2019. The judgment convicted defendant upon his plea of guilty of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law
§ 140.30 [1]). We agree with defendant that his waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Somers, 186 AD3d 1111, 1112 [4th Dept 2020]; People v Brown, 180 AD3d 1341, 1341 [4th Dept 2020], lv denied 35 NY3d 968 [2020]), and we note that the better practice is for County Court "to use the Model Colloquy, which 'neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting Thomas, 34 NY3d at 567; see NY Model Colloquies, Waiver of Right to Appeal). We reject defendant's contention that the court abused its discretion in declining to grant him youthful offender status (see People v Johnson, 182 AD3d 1036, 1036 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]), and we decline defendant's request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender (see People v Nicorvo [appeal No. 2], 177 AD3d 1408, 1409 [4th Dept 2019]). Finally, the sentence is not unduly harsh or severe.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court