People v Stelter (2021 NY Slip Op 04295)





People v Stelter


2021 NY Slip Op 04295


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


299 KA 19-01860

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID STELTER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EDWARD P. DUNN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered July 13, 2018. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of one count of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and two counts of criminal possession of a weapon in the fourth degree
(§ 265.01 [4]). Preliminarily, we agree with defendant that his waiver of the right to appeal is invalid (see People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021]; People v Maddison, 191 AD3d 1393, 1393 [4th Dept 2021], lv denied 36 NY3d 1121 [2021]; People v Jones, 188 AD3d 1682, 1682 [4th Dept 2020], lv denied 36 NY3d 1057 [2021]). Nevertheless, contrary to defendant's contention, we conclude that defendant's sentence is not unduly harsh or severe.
We further conclude that defendant's contentions that County Court did not make a sufficient inquiry into defendant's alleged Outley violations and improperly enhanced his sentence are without merit (see generally People v Outley, 80 NY2d 702, 713 [1993]). At the plea proceeding, the court warned defendant that, if he, inter alia, failed to appear for sentencing or was arrested prior to sentencing, it would no longer be bound by the plea agreement to impose the promised sentence. Defendant failed to return to court on the scheduled sentencing date and a bench warrant was issued. When defendant was brought into court, the People informed the court that defendant had been arrested during his presentence release. After an inquiry, the court imposed an enhanced sentence by adding an additional year to both his promised term of incarceration and period of postrelease supervision.
Defendant's failure to appear in court on the scheduled sentencing date constituted a violation of the plea agreement and for that reason alone the court was no longer bound by the agreed-upon sentence and could properly impose an enhanced sentence (see People v Figgins, 87 NY2d 840, 841 [1995]; People v Capers, 83 AD3d 1462, 1463 [4th Dept 2011], lv denied 17 NY3d 805 [2011]). In any event, we conclude that the court conducted a sufficient inquiry regarding the postplea arrest "to support 'the existence of a legitimate basis
for' " that arrest (People v Fumia, 104 AD3d 1281, 1281-1282 [4th Dept 2013], lv denied 21 NY3d 1004 [2013]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court