People v Royal (2024 NY Slip Op 02392)

People v Royal

2024 NY Slip Op 02392

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, AND DELCONTE, JJ.

22 KA 19-01428

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAVON ROYAL, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KERRY A. CONNER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered June 19, 2019. The judgment convicted defendant upon his plea of guilty of aggravated criminal contempt and aggravated family offense. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of aggravated criminal contempt (Penal Law § 215.52 [1]) and aggravated family offense (§ 240.75), defendant contends that his waiver of the right to appeal is invalid, that Supreme Court erred in imposing an enhanced sentence, and that the enhanced sentence is unduly harsh and severe. We affirm.
Defendant was indicted on nine counts arising from three separate incidents in 2017 and 2018 when he physically assaulted his former girlfriend in violation of an order of protection. He pleaded guilty to two counts in exchange for a sentencing commitment of concurrent indeterminate sentences with a maximum of 3½ to 7 years' incarceration. During the plea proceeding, the court advised defendant that it would not be bound by the plea agreement if, among other things, defendant failed to voluntarily appear for sentencing. Defendant, who thereafter remained in custody following the plea proceeding, subsequently refused to appear for sentencing. As a result, the court adjourned sentencing, issued an order compelling defendant to be produced, and held an Outley hearing to determine whether defendant had violated a condition of the plea agreement (see generally People v Outley, 80 NY2d 702, 713 [1993]). Following the Outley hearing, the court determined that defendant had violated a condition of his plea agreement and sentenced him, as a second felony offender, to consecutive indeterminate terms aggregating to 5½ to 11 years' incarceration.
Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid, as the People concede, and therefore does not preclude our review of his challenge to the severity of the sentence (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe.
We further reject defendant's contention that the court erred in imposing an enhanced sentence based upon his postplea conduct. It is well settled that " '[w]hen a defendant violates a condition of the plea agreement, the court is no longer bound by the agreement and is free to impose a greater sentence' " (People v Sprague, 82 AD3d 1649, 1649 [4th Dept 2011], lv denied 17 NY3d 801 [2011]; see People v Stelter, 196 AD3d 1047, 1048 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]). Where, as here, "there is a denial [by a defendant that the violation occurred], the court must [then] conduct an inquiry at which the defendant has an opportunity to show that the [violation]" did not occur (Outley, 80 NY2d at 713). The format of that inquiry is within the discretion of the court (see id.) and, contrary to defendant's contention, it was not [*2]improper for the court to take sworn testimony from a witness over the telephone inasmuch as that "enable[d] the court to assure itself that the information upon which it bas[ed] the sentence [was] reliable and accurate" (People v McIntosh, 213 AD3d 1266, 1267 [4th Dept 2023] [internal quotation marks omitted]). Defendant was "afforded the opportunity to testify to his ostensibly exculpatory explanations" at the hearing (id.), but declined to do so. Thus, we conclude that the "court [properly] determined that . . . defendant had the opportunity to be present [in court] but failed to avail himself of the opportunity by his own volition" (People v Epps, 37 NY2d 343, 350 [1975], cert denied 423 US 999 [1975]), thereby violating a condition of the plea agreement and justifying the enhanced sentence imposed by the court.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court