People v Dixon
2026 NY Slip Op 03520
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GERMAINE DIXON, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
20 KA 23-01207
Present: Lindley, J.P., Bannister, Ogden, Nowak, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 24, 2023. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Rivera, 225 AD3d 1286, 1286 [4th Dept 2024], lv denied 41 NY3d 1004 [2024]; People v Fernandez, 218 AD3d 1257, 1257-1258 [4th Dept 2023], lv denied 40 NY3d 1012 [2023]) and thus does not preclude our review of the remainder of his challenges on appeal (see People v Coffee [appeal No. 1], 236 AD3d 1467, 1467 [4th Dept 2025], lv denied 43 NY3d 1007 [2025]; People v Baker, 158 AD3d 1296, 1296 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]), we nevertheless affirm. Defendant contends that Supreme Court erred in refusing to suppress his statements to the police because they were the product of coercion and he had invoked his right to counsel. We reject that contention (see People v Jenkins, 159 AD3d 1419, 1420 [4th Dept 2018], lv denied 31 NY3d 1118 [2018], reconsideration denied 32 NY3d 1005 [2018]; see also People v Hymes, 174 AD3d 1295, 1297 [4th Dept 2019], affd 34 NY3d 1178 [2020]; People v Jones, 188 AD3d 1682, 1682 [4th Dept 2020], lv denied 36 NY3d 1057 [2021]; People v Jackson, 105 AD3d 866, 868-869 [2d Dept 2013], lv denied 21 NY3d 1016 [2013]). Additionally, defendant failed to preserve his contention that the statements to the police should have been suppressed on the ground that he invoked his right to remain silent (see People v Sullivan, 239 AD3d 1371, 1372 [4th Dept 2025]). Finally, we reject defendant's contention that the bargained-for sentence of incarceration is unduly harsh and severe.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court