People v Stenson (2020 NY Slip Op 00698)





People v Stenson


2020 NY Slip Op 00698


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


24 KA 17-00096

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE STENSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered March 24, 2016. The judgment convicted defendant, upon a plea of guilty, of failure to register or verify his status as a sex offender, as a class D felony. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of failure to register or verify his status as a sex offender, as a second or subsequent offense (Correction Law §§ 168-f [4]; 168-t). We agree with defendant that his waiver of the right to appeal is invalid. County Court mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues. We therefore cannot conclude that the waiver of appeal was knowing or voluntary (see People v Thomas, — NY3d &mdash, 2019 NY Slip Op 08545, *6-7 [2019]). We nevertheless conclude that the negotiated sentence is not unduly harsh or severe.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court