People v Byrd (2020 NY Slip Op 01754)





People v Byrd


2020 NY Slip Op 01754


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


185 KA 16-01426

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRYANT BYRD, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Monroe County Court (Victoria M. Argento, J.), rendered February 25, 2016. Defendant was resentenced upon his conviction of burglary in the second degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted, upon his guilty plea, of burglary in the second degree (Penal Law § 140.25 [2]), and he now appeals from a resentence with respect to that conviction. We agree with defendant that his waiver of the right to appeal is invalid. County Court mischaracterized the nature of the right that defendant was being asked to waive inasmuch as the court stated that the waiver was an absolute bar to taking an appeal, as well as a bar to all postconviction relief (see People v Thomas, — NY3d &mdash, 2019 NY Slip Op 08545, *6 [2019]). Additionally, there is "no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues" (People v Stenson, 179 AD3d 1449, 1449 [4th Dept 2020]). Thus, although defendant may challenge the severity of his sentence, we nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court