People v Jones (2020 NY Slip Op 04672)





People v Jones


2020 NY Slip Op 04672


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


422 KA 16-00928

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAQUAN JONES, DEFENDANT-APPELLANT. 






ANTHONY F. BRIGANO, UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 16, 2016. The judgment convicted defendant upon a plea of guilty of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that his sentence is unduly harsh and severe. Initially, we note that defendant waived his right to appeal, but we conclude that the waiver is invalid. County Court mischaracterized the waiver of the right to appeal as an absolute bar to defendant taking a direct appeal, with no clarifying language in either the oral colloquy or the written waiver that certain issues remain available for appellate review. We therefore conclude that the colloquy and written waiver were insufficient to ensure that the waiver was voluntary, knowing, and intelligent (see People v Thomas, 34 NY3d 545, 562-567 [2019], cert denied — US — [Mar. 30, 2020]; People v Brown, 180 AD3d 1341, 1341 [4th Dept 2020], lv denied 35 NY3d 968 [2020]; People v Stenson, 179 AD3d 1449, 1449 [4th Dept 2020], lv denied 35 NY3d 974 [2020]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court