People v Wright (2023 NY Slip Op 03136)

People v Wright

2023 NY Slip Op 03136

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

441 KA 19-02355

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRANCE J. WRIGHT, JR., DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered October 24, 2019. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c] [i] [A]). Preliminarily, as defendant contends and the People correctly concede, the record does not establish that defendant validly waived his right to appeal. Supreme Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Byrd, 181 AD3d 1183, 1184 [4th Dept 2020], lv denied 35 NY3d 1025 [2020]). Although we are thus not precluded from reviewing defendant's challenge to the severity of his sentence, we nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court